U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 0 9 2007

ROBERT H. SHEMWELL, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

MARSHALL D. SUTHRLEN

VERSUS

DIAMOND OFFSHORE COMPANY, INC.

CIVIL ACTION NO.:

**3:07cv0644**
**Judge James**
**Magistrate Judge Hayes**

************************************************************

# COMPLAINT

The complaint of Marshall D. Suthrlen, a person of the full age of majority and a resident and domiciliary of Columbia, Caldwell Parish, Louisiana and hereinafter referred to as "Suthrlen" or "Plaintiff" respectfully represents that:

1.

Suthrlen names as defendants herein Diamond Offshore Company, Inc. herein referred to as "Diamond" a foreign corporation doing business in the State of Louisiana with C T Corporation Systems, Inc. as the agent of service of process for Diamond Offshore Company, Inc. whose address is 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809.

2.

Diamond was the employer of Suthrlen. Suthrlen worked on the semi-submersible drilling vessel known as the Valiant which was owned and operated by the Diamond Offshore Company, Inc.

3.

On or about October 6, 2006 the plaintiff, Marshall Suthrlen was employed by Diamond as a roustabout but training to be a deck coordinator. Suthrlen was earning

$13.78 per hour plus an additional $150.00 for each fourteen days worked. At all times mentioned herein Suthrlen was a seaman and is entitled to bring this action under the Jones Act and the General Maritime Law.

4.

Marshall D. Suthrlen worked fourteen days on and fourteen days off and in addition to his salary Marshall Suthrlen was provided extensive fringe benefits by his employer and was provided meals and lodging while working aboard the vessel.

5.

While working on the Valiant on October 6, 2006, Suthrlen walked up a stairwell of the Valiant at approximately 10:30 pm. The stairwell consists of steep stairs with a handrail up each side with painted white ceilings and painted white walls. Everything is painted white except the steps of the stairs. At some undetermined time the defendant installed an "H" beam or "I" beam that protruded down from the ceiling.

6.

Suthrlen is 6 feet 2 inches tall. Suthrlen is required to wear a hardhat which protrudes above the top of his head. As Suthrlen was walking up the stairs behind another employee his hard hat struck the low protruding beam in the stairwell causing Suthrlen to severely injure his neck.

7.

Following plaintiffs injury the bottom of the beam was measured by the Offshore Instillation Manager and was determined to be sixty-eight inches from the step directly below.

8.

The blow to Suthrlen's head was of such sufficient force to make a crease in the

hardhat he was wearing. He immediately leaned on the handrail due to the dizziness he was experiencing and the significant pain he was experiencing in his head and neck area.

9.

The safety representative on the Valiant, Gary Peterson, applied a heat pack and rubbed Ben-Gay ointment on Suthrlen's neck. Suthrlen was told to take Alieve regularly to assist with his headache and pain. Plaintiff reported the injury to Gary Peterson and Peterson completed an accident report. Suthrlen returned to the stairwell to try to understand why he had struck his head. The beam had been freshly repainted black and yellow as it should have been before plaintiff was injured.

10.

The morning following the injury plaintiff woke up and his neck was extremely stiff and he had severe pain in the neck, right shoulder and arm.

11.

Suthrlen remained on the Valiant approximately ten or eleven more days and finished his hitch on light duty. During this time plaintiff's supervisor, Chad Broussard, told Suthrlen to lay down and rest because he knew Suthrlen was experiencing significant pain. After finishing his hitch Suthrlen went home for his fourteen days off to rest. After his scheduled time off Suthrlen returned to work on the Valiant.

12.

When Suthrlen returned to the Valiant he was instructed by Chad Broussand to train for deck coordinator with Douglas Pruett. Suthrlen continued to experience daily severe headaches, dizziness, neck pain and shoulder pain with numbness and pain radiating into his arm. Plaintiff was also experiencing some memory loss.

13.

On November 21, 2006 Suthrlen went to see Dr. Robert Connell. Dr. Connell requested that x-rays be performed and referred him to Glenwood Hospital for an MRI of the cervical spine. The MRI preformed on November 30, 2006 revealed Suthrlen had injured a cervical disc at the C5-C6 level.

14.

Plaintiff continues to have severe pain particularly in his neck and shoulder with pain radiating into his arms, severe headaches and dizziness. In all probability plaintiff will need surgery.

15.

Plaintiff, Marshall Suthrlen, shows that the above described accident and resulting injuries were caused by the negligence and fault of the defendant and the unseaworthiness of the semi-submersible drilling vessel, Valiant, in the following respects, to-wit:

(1) Failing and neglecting to furnish plaintiff with a safe place to work;

(2) Installing low beams in areas of the vessel where workers are routinely required to walk;

(3) Failing and neglecting to provide a stairwell with a ceiling of sufficient height to allow Suthrlin, a person 6 feet 2 inches tall, to safely walk up the stairwell without being injured;

(4) Failing and neglecting to paint the I-beam or H-beam the proper safety colors of black and yellow to alert employee's of the danger of the low beam;

(5) Failing and neglecting to warn Suthrlen of the low protruding beam below the ceiling of the stairwell on the Valient;

(6) Failing and neglecting to cushion or place energy absorbing materials on the low hanging beam;

(7) Any and all further acts of negligence and unseaworthiness that is discovered between now and the trial of this case.

16.

The injuries sustained by plaintiff have resulted in extreme pain and discomfort and have continued to cause plaintiff extreme pain and discomfort as well as permanent residual pain and disability which renders him unemployable and unable to pass a pre-employment physical for maritime work.

17.

Plaintiff has incurred medical expenses and will continue to incur substantial medical expenses in the future for the treatment of his injuries. Additionally, plaintiff has not been able to work since November 10, 2006 and because of the serious and permanent impairment to his earning ability he will continue to lose money throughout the remainder of his work life and will in all probability lose the fringe benefits that are provided to him by his offshore employer.

18.

Plaintiff will also lose the ability to perform many of the household chores he would normally perform for himself and he will incur additional expenses on hiring those chores done. Because plaintiff will no longer be able to work offshore he will incur loss of found for which he is entitled to be compensated.

19.

As a result of the damage sustained by Marshall Suthrlen he requests an award in the amount reasonable in the premises for the damage he has sustained to his body and itemizes his damages as follows:

| | | |
|---|---|---|
| (1) | Physical pain and suffering past and future; | $ 250,000.00 |

| | | |
|---|---|---|
| (2) | Mental pain, anguish and suffering and loss of enjoyment of life past and future; | $ 250,000.00 |
| (3) | Loss of income and impairment to earning capacity past and future; | $ 850,000.00 |
| (4) | Medical, hospital and doctors expenses, past and future; | $ 125,000.00 |
| (5) | Loss of fringe benefits; | $ 200,000.00 |
| (6) | Loss of found; | $ 75,000.00 |
| (7) | Loss of non-market services; | $ 100,000.00 |
| | TOTAL | $1,850,000.00 |

This is an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

WHEREFORE, PLAINTIFF, MARSHALL D. SUTHRLEN, prays that citation and service of process issue herein, and further prays for judgment against the defendant, Diamond Offshore Company, Inc. together with a full award for diminution of wages, cost, interest, fees, expenses and all other damages which are shown at the trial of this case; and

PLAINTIFF FURTHER PRAYS, for full, general and equitable relief.

Respectfully submitted,

Paul B. Wilkins (#12953)
P. O. Box 1628
Columbia, Louisiana 71418
Phone (318) 649-2622
Fax (318) 649-2085

LAW OFFICES
OF
**PAUL B. WILKINS**
P.O. BOX 1628
COLUMBIA, LOUISIANA 71418

TELEPHONE
(318) 649-2622

TOLL FREE
1-800-595-9580

FAX
(318) 649-2085

$350.00
REC'd

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT
APR 0 9 2007
ROBERT H. SHEMWELL, CLERK
BY ______
DEPUTY

April 4, 2007

Mr. Robert H. Shemwell
Clerk, United States District Court
1167 Federal Building
300 Fannin Street
Shreveport, Louisiana 71101-3083

Re: Marshall D. Suthrlen
vs. Diamond Offshore Company, Inc.

Dear Mr. Shemwell:

Enclosed please find the original and two copies of the Complaint regarding the above referenced matter. I am also enclosing two Summons in a Civil Action along with my check in the amount of $350.00 for the filing fee.

Would you please certify the enclosed copies of the Complaint, complete the Summons in a Civil Action and return these documents to me in order that the defendant can be served.

With best regards, I am

Sincerely,

Paul B. Wilkins

PBW/db
Enclosure